**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LEONARDO JOBA PEREZ,

Petitioner,

v. 1:26-cv-02012-KG-JFR

TODD W. BLANCHE, *Attorney General of the United States; et al.*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Leonardo Joba Perez's Emergency Motion and Notice of Non-Compliance and Violation of Due Process ("Emergency Motion"), Doc. 19, and Motion to Prohibit Transfer, Doc. 17. For the reasons below, the Court denies the Emergency Motion. The Court also denies the Motion to Prohibit Transfer as moot.

## *I. Background*

Petitioner, a native citizen and national of Cuba, lawfully entered the United States through Miami International Airport—a designated port of entry—on May 11, 2024, pursuant to a prior grant of humanitarian parole under 8 U.S.C. § 1182(d)(5)(A). Doc. 1 at 2; Doc. 6 at 1. Petitioner's term of parole was valid for one year and expired on June 12, 2025. Doc. 1 at 8; Doc. 6 at 3. On January 31, 2026, Petitioner was arrested in St. Paul, Minnesota and served with a Notice to Appear, alleging he was inadmissible because he did not possess a valid entry document under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). Doc. 6 at 3, 10, 16. Petitioner remains in immigration custody and is currently detained at the Torrance County Detention Facility in Estancia, New Mexico. Doc 1 at 1.

On June 23, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus seeking immediate release or, in the alternative, an individualized bond hearing. *See* Doc. 1. The Court granted the habeas petition and ordered Respondents to provide Petitioner "with an individualized bond hearing before an immigration judge" at which "Petitioner bears the burden of proving by a preponderance of the evidence that conditions of release would adequately address any risk of flight or danger to the community." Doc. 16 at 9. On October 16, 2026, Petitioner received his Court ordered bond hearing. *See* Doc. 18. At the end of the hearing, the Immigration judge ("IJ") denied bond. Doc. 18-1 at 1–2. The written order stated: "Respondent is a flight risk. He has been ordered removed in July of 2026. His relief is therefore virtually non-existent." *Id.* at 1.

Petitioner's Emergency Motion challenges his denial of bond. *See* Doc. 19. It alleges the IJ's bond hearing "failed to comply with constitutional due process and directly subverted this Court's explicit legal findings." *Id.* at 1. Specifically, Plaintiff was only informed of his bond hearing only hours beforehand, which was insufficient time to review newly serviced ICE documents or organize his presentation. *Id.* at 1–2. The Government did not respond to either motion.

## *II. Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 677–78, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to noncitizens who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted[.]" This "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *1 (D.N.M. Nov. 14, 2025). By contrast, § 1226(a) authorizes the arrest and detention of noncitizens "[o]n a warrant issued by the Attorney General . . . pending a decision on whether [they are] to be removed[.]" Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

Federal courts lack jurisdiction to review an immigration judge's discretionary decision to deny bond:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). As the Supreme Court has repeatedly explained, § 1226(e) operates as a jurisdictional bar precluding noncitizens from "challeng[ing] a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [their] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (internal quotation marks omitted) (quoting *Demore v. Kim*, 538 U.S. 510, 516 (2003); *see also Nielson v. Preap*, 586, U.S. 392, 961 (2019) ("[T]his limitation [under § 1226(e)] applies to . . . discretionary decisions" and prohibits review of whether "the Government exercised its statutory authority in an unreasonable fashion."). Absent a constitutional claim or some other question of law, the Court does not have

federal habeas jurisdiction to review a specific custody determination. *Olmos v. Holder*, 780 F.3d 1313, 1316 (10th Cir. 2015).

## ***III. Analysis***

The Court concludes it lacks jurisdiction to review the IJ's discretionary custody determination under § 1226(e) and declines to grant relief because Petitioner received the individualized bond hearing to which he was entitled. *See* Doc. 18-1 at 1–2. At that hearing, the immigration judge found that Petitioner failed to carry his burden of demonstrating that he is not a flight risk. *Id.* at 1. Petitioner also concedes that the IJ "possessed all of Petitioner's sponsor documents in hand during the hearing." Doc. 19 at 1. Because nothing in the record demonstrates the hearing was otherwise unconstitutional, the IJ's findings are not subject to review by this Court. The hearing therefore satisfies this Court's prior Order. *See* Doc. 16 at 9.

## ***IV. Conclusion***

For the reasons above, Petitioner's Emergency Motion, Doc. 19, is DENIED. Petitioner's Motion to Prohibit Transfer, Doc. 17, is also DENIED as moot.

IT IS SO ORDERED

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.